## CITY COURT OF BROOKLYN.

### IN THE MATTER OF THE HABEAS CORPUS IN BEHALF OF JOHN H. LOCKWOOD.

The *service of a summons* upon a member of a military company, to appear before a court martial, must be made *personally*, or by leaving such summons at the *residence* of the party to be served. A service made by leaving the summons at the office or place of business of the party, does not give the court martial jurisdiction of the matter.

*March Term,* 1867.

*Before Hon.* GEORGE G. REYNOLDS, *City Judge.*

THE petitioner was a member of the Thirteenth Regiment National Guard, S. N. Y., and was guilty of certain delinquencies in non-payment of fines, and non-attendance at parades and drills.

A court martial was ordered, pursuant to the laws of 1862, and the petitioner was summoned to appear before the court martial and show cause why he should not be fined.

The petitioner failed to appear before the court martial, and was fined the sum of $36, and a warrant was issued for

the collection of the fine, and in default of sufficient goods and chattels, from which to collect said fine, to take the body of the petitioner. Under said warrant petitioner was arrested. An application was made for a writ of *habeas corpus*, which was granted, and petitioner was brought before Hon. GEORGE G. REYNOLDS, City Judge.

THOMAS E. PEARSALL, *and*
JESSE JOHNSON, *for petitioner,*

Claimed that the proceedings of the court matial were void, because the summons to appear before the court martial was served upon a person in charge of the office of the petitioner, when the law requires the same to be served "personally, or by leaving such summons at the residence of the party to be served." (*See Sess. Laws of* 1862, *chap.* 477, § 210.)

P. S. CROOK, *for the military authorities.*

REYNOLDS, City Judge. The prisoner is discharged on the ground that the court martial did not acquire jurisdiction to try the relator.

The statute (*Laws of* 1862, *chap.* 477, § 210), requires the service of summons to appear before the court to be made personally or by leaving such summons at the residence of the party to be served.

In the case of the relator, the summons was left at 22 Court street, which is not shown to have been his residence, and in fact was conceded on the argument, was his office.

The relator did not appear in response to the summons, and his case was never properly before the court martial for trial.